IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATRICK DAYON BELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-074 |
| | ) | |
| BURKE COUNTY SHERIFF DEPARTMENT and DISTRICT ATTORNEY'S OFFICE OF BURKE COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 11). The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury by only disclosing three previous cases he had filed in federal court and failing to disclose at least four others. (Doc. no. 9, pp. 2-3.) As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Id. at 4.)

In his objections, Plaintiff does not dispute the Magistrate Judge's finding that he provided false information about his filing history, but he contends that he "only [has] a 9th grade education," and that it was "not [his] intention" to mislead the Court about his filing

history. (Doc. no. 11, pp. 1-2.) Rather, Plaintiff contends that he "forgot" about the cases he failed to disclose. (Id. At 2.) He also asserts that he suffers from unspecified "mental problems" which he wishes to be "taken in[to] consideration" by the Court. (Id.)

The Court finds that Plaintiff's objections lack merit. Plaintiff fails to bolster his vague allegation of "mental problems" with any explanation of how such problems had any impact on his ability to fully disclose his federal filing history. Moreover, Plaintiff's contention that he "forgot" about the cases he failed to disclose – and was thus unable to provide even the simple detail that he had filed several other federal lawsuits in addition to those disclosed – is unavailing. See Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (*per curiam*) (district court did not abuse discretion in dismissing prisoner plaintiff's complaint without prejudice for failure to disclose prior litigation history where he contended that he "did not remember" filing the suits and that his "records were unavailable to him"; "[e]ven if [plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits.").

Plaintiff clearly provided false information about his filing history, and the Court cannot tolerate such abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Thus, Plaintiff's objections provide no basis for departing from the Magistrate Judge's analysis in the R&R and are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a

sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**. As this case is now closed, Plaintiff's motion for appointment of counsel is **DENIED AS MOOT**. (Doc. no. 12.)

SO ORDERED this 9th day of August, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3